**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Jose Francisco HERNANDEZ, also
known as Jose Francisco Hernan-
dez–Buelna, Defendant–Appellant.**

No. 08–50147

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 17, 2008.

Joseph H. Gay, Jr., Assistant U.S. At-
torney, U.S. Attorney's Office, Western
District of Texas, San Antonio, TX, for
Plaintiff–Appellee.

Thomas L. Wright, El Paso, TX, for
Defendant–Appellant.

Before JONES, Chief Judge, and
DENNIS and HAYNES, Circuit Judges.

PER CURIAM: *

Jose Francisco Hernandez pleaded
guilty to illegal reentry after deportation
and was sentenced to 60 months of impris-
onment and three years of supervised re-
lease. Hernandez argues that his sen-
tence, which was within the recommended
guidelines range, was substantively unrea-
sonable because his criminal history score
was overstated and the instant offense was
his first illegal reentry offense.

An appellate court's review of a sentence
must start with the issue whether the dis-
trict court committed any "significant pro-
cedural error, such as failing to calculate

(or improperly calculating) the Guidelines
range, treating the Guidelines as mandato-
ry, failing to consider the [18 U.S.C.]
§ 3553(a) factors, selecting a sentence
based on clearly erroneous facts, or failing
to adequately explain the chosen sen-
tence." *Gall v. United States,* —— U.S.
——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445
(2007). If the sentencing decision is proce-
durally sound, the appellate court then
considers "the substantive reasonableness
of the sentence imposed under an abuse-
of-discretion standard." *Id.*

Because Hernandez did not challenge
the substantive reasonableness of his sen-
tence in the district court, the issue is
reviewed for plain error. *See United
States v. Peltier,* 505 F.3d 389, 391–92 (5th
Cir.2007), *cert. denied,* —— U.S. ——, 128
S.Ct. 2959, 171 L.Ed.2d 892 (2008). Her-
nandez has not shown that the district
court erred at all, much less plainly erred
in imposing the length of sentence it chose.
His within-guidelines sentence is entitled
to a rebuttable presumption of reasonable-
ness. *See United States v. Alonzo,* 435
F.3d 551, 554 (5th Cir.2006); *see also Rita
v. United States,* 551 U.S. 338, 127 S.Ct.
2456, 2462, 168 L.Ed.2d 203 (2007). Al-
though Hernandez contends that the dis-
trict court did not take into account certain
mitigating factors, he made these argu-
ments at sentencing, and the district court
considered those arguments, as well as the
§ 3553(a) factors, in sentencing him.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.